**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| David A. Badhwa and Denise A. Badhwa, | CASE NO.: _____ |
| Plaintiffs, | |
| v. | |
| Veritec, Inc., | **ACESSE CORPORATION, ADXNET, INC., ADX LABS, LLC, A2Z HOLDINGS, INC., MOBILESOFT TECHNOLOGY, INC., MOBILE.NET LLC., STEVEN RENNER AND JOSEPH MORRIS'S NOTICE OF REMOVAL** |
| Defendant, | |
| and | |
| Veritec, Inc., | |
| Counter-Plaintiff and Third-Party Plaintiff, | |
| v. | |
| David A. Badhwa and Denise A. Badhwa, | |
| Counter-Defendants, | |
| and | |
| JAB Companies, Acesse Corporation, ADXNET, Inc., ADX Labs, LLC., A2Z Holdings, Inc., Mobilesoft Technology, Inc., Mobile.net LLC, Steven Renner, and Joseph Morris | |
| Third Party Defendants. | |

---

PLEASE TAKE NOTICE that Third Party Defendants Acesse Corporation, ADXNET, Inc., ADX Labs, LLC., A2Z Holdings, Inc., Mobilesoft Technology, Inc., Mobile.net LLC, Steven Renner, and Joseph Morris hereby remove this case to the

United States District Court for the District of Minnesota. The grounds for removal are as follows:

1. Third Party Plaintiff Veritec, Inc. filed a Third Party Complaint against Third Party Defendants in Hennepin County in the Fourth Judicial District. The case was assigned number 27-cv-18-1218.

2. Third Party Defendants Acesse Corporation, ADXNet, Inc., ADX Labs, LLC, A2Z Holdings, Inc., Mobilesoft Technology, Inc., Mobile.net LLC, Steven Renner, and Joseph Morris (collectively "Acesse, et al.") were improperly served with the Summons and Third Party Complaint via process server on July 2, 2018. In violation of Rule 14.01(b), Veritec failed to serve Acesse, et al. with a copy of the original complaint.

3. Pursuant to an agreement by the Veritec and Acesse, et al., Acesse acknowledged service on July 27, 2018.

4. As the last-served defendant, this Notice of Removal is timely filed within thirty days of Acesse, et al.'s receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)-(c); *Marano Enters. of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) ("We hold that the later-served defendants in this case had thirty days from the date of service on them to file a notice of removal within the unanimous consent of their co-defendants, even though the first served co-defendants did not file a notice of removal within thirty days of service on them.").

5. Copies of all of the pleadings that have been received in the state court action to date, including the Amended Complaint, Answer and Third Party Complaint,

Third Party Defendants' Answer and Certificate of Service, are attached to this Notice as **Exhibit A**.

6. When this action commenced, and when this Notice of Removal was filed, Acesse Corporation was and presently is a Nevada Corporation registered in Minnesota under Section 303 with a registered office at 250 2nd Avenue, Suite 145, Minneapolis, MN 55401. (Third Party Compl. ¶ 11.)

7. When this action commenced, and when this Notice of Removal was filed, ADXNET, Inc. is a Nevada corporation registered in Minnesota under Section 303 with a registered office at 100 Washington Avenue South, Suite 690, Minneapolis, MN 55401. (Third Party Compl. ¶ 16.)

8. When this action commenced, and when this Notice of Removal was filed, ADX Labs, LLC., is a Minnesota corporation with its principal place of business at 120 South 6th Street, Suite 1000, Minneapolis, MN 55402. (Third Party Compl. ¶ 20.)

9. When this action commenced, and when this Notice of Removal was filed, A2Z Holdings, Inc., is a Delaware corporation registered to do business in Minnesota under Section 303 with a registered office at 100 Washington Avenue South, Suite 690, Minneapolis, MN 55401. (Third Party Compl. ¶ 23.)

10. When this action commenced, and when this Notice of Removal was filed, MobileSoft Technology, Inc., is a Delaware corporation registered to do business in Minnesota under Section 303 with a registered office at 120 South 6th Street, Suite 900, Minneapolis, MN 55402. (Third Party Compl. ¶ 28.)

11. Mobile.net, LLC is a not an existing corporation, but rather a trade name utilized by ADXNet.

12. Steven Renner is a citizen of the State of Minnesota. (Third Party Compl. ¶ 35.)

13. Joseph Morris is a citizen of the State of Minnesota. (Third Party Compl. ¶ 38.)

14. Upon information and belief, David A. Badhwa and Denise A. Badhwa (the "Badhwas") are citizens of the State of Minnesota. (Third Party Compl. ¶¶ 4, 6.)

15. Upon information and belief, JAB Companies is a Minnesota corporation with its registered address at 455 37th Avenue NE, Suite B, Columbia Heights, Minnesota 55421. (Third Party Compl. ¶ 7.)

16. Veritec, Inc. is a Nevada Corporation. (Third Party Compl. ¶ 1.)

17. This case arises out of a dispute relating to an alleged breach of contract, tortious interference, business defamation, violation of the Minnesota Uniform Deceptive Trade Practices Act, Misappropriation of Trade Secrets and Confidential Information, aiding and abetting, and conspiracy under several federal, state, and common laws.

18. Veritec also explicitly alleges claims of direct and indirect copyright and patent infringement against Acesse, et al. (Third Party Compl. ¶¶ 45-46, 105-109.)

19. Veritec's claims against Acesse, et al. are separate and independent of the claim for breach of a promissory note alleged in the Badhwas' original complaint.

20. This Court has original jurisdiction over claims arising out of the Copyright Act and the Patent Act. 28 U.S.C. § 1338 ("The district courts shall have original

jurisdiction of any civil action arising under any Act of Congress relating to patents . . . [and] copyrights.").

21.　While categorized as claims of breach of contract, tortious interference, aiding and abetting, and conspiracy, Veritec's claims are, at their core, claims of patent infringement. Veritec explicitly alleges as such throughout the Third Party Complaint. Specifically, Veritec claims that Acesse, et al. has "infring[ed] upon Veritec's patent rights," (Third Party Compl. ¶ 45), that "Mr. Badhwa agreed to develop similar and competing products for [Acesse, et al.] using Veritec's trade secrets and confidential information and that Mr. Badhwa did utilize Veritec's allegedly "patented, trade secret, and copyrighted source code and confidential information to develop similar and competing products which [Acesse, et al.] branded as 'aPay' and 'aPhone,'" (*id.* at 106), and that, as a result, "aPay and aPhone are substantially and illegally derived from the patented, trade secret, and copyrighted source code, software, and technology developed and sold by Veritec," and "aPay and aPhone generate significant revenue for [Acesse, et al.]," (*id.* ¶¶ 107, 109). Veritec also alleges that Acesse, et al. has "actively or tacitly conspired [with Badhwa and JAB] to deprive JAB of its rights under Minnesota law." (*Id.* ¶¶ 220-225.)  In this case, the alleged wrongdoing requires a comparison of Acesse, et al.'s aPay and aPhone technology to Veritec's patents to determine if the technology is, indeed, similar to Veritec's patents. This is equivalent to a patent infringement claim. *See* 37 U.S.C. § 271(a) ("Whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent  . . . infringes the patent."). *See also C.G.H., Inc. v. Nash Finch, Inc.*, 2012 WL 1070116, at *3 (Minn. App. Apr. 2, 2012)

(holding that breach of contract claims were preempted by Patent Act). Accordingly, Veritec's claims against Acesse, et al. are preempted by the Patent Act, and subject only to the original jurisdiction of this Court.

22. Veritec's claims for breach of contract, tortious interference, aiding and abetting, and conspiracy are all preempted by the Copyright Act since they are based on the allegations that Acesse, et al. "infring[ed] upon Veritec's copyright" (Third Party Compl. ¶ 46), "misappropriated" Veritec's copyrighted source code, (*id.* at ¶ 140), and furthered Badhwa and JAB's alleged infringement of the code, (*id.* ¶¶ 104-109, 164-173, 220-225). Moreover, Veritec alleges that Acesse, et al.'s aPay and aPhone are "substantially and illegally derived from the . . . copyrighted source code . . . developed and sold by Veritec." (*Id.* ¶ 109); *see also* (*id*. ¶ 140). Such claims are not qualitatively different from a claim for copyright infringement, and therefore are preempted by the Copyright Act and subject only to the jurisdiction of this Court. *See* 17 U.S.C. § 301. Under the Copyright Act, a state law claim is preempted if (1) the work at issue is within the subject matter of copyright as defined in § 102 and 103 of the Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106. *See Munro v. Lucy Activewear, Inc.*, 2016 WL 5660422, at *7 (D. Minn. Sept. 29, 2016). Veritec alleges that it owns the allegedly copyrighted source code, (Third Party Compl. ¶ 46), which is a type of work protected under the Copyright Act. The first prong is satisfied. The second prong is also satisfied as to Veritec's breach of contract, tortious interference, aiding and abetting, and conspiracy claims because these claims are based on Acesse, et al.'s alleged "misappropriation" of

6

Veritec's source code by copying, distributing, and making derivative copies of the code, as well as the furthering of Badhwa and JAB's alleged infringement of the code. (Third Party Compl. ¶¶ 46, 109, 140, 164-173; 220-225). Veritec's claims do not "add an extra element which changes the nature or the rights secured under federal copyright protection." *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 933 (N.D. Cal. 2009). Indeed, Veritec alleges "violations of the same exclusive rights protected by Section 106 of the Copyright Act, the exclusive right to reproduce, distribute, and make derivative copies." *Id.*; *see also Munro*, 2016 WL 4660422, at *7. Federal copyright law thus preempts its claims, and only this Court has original jurisdiction over claims arising under the Copyright Act.

23. Acesse, et al., through its counterclaim against Veritec, seeks a declaration that it is not infringing on any patents or copyrights owned by Veritec.

24. Any claims not preempted by the Patent Act or Copyright Act are subject to the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

25. Veritec's claims, which are preempted by federal law and subject only to the original and supplemental jurisdiction of this Court, are separate and independent of the Badhwas' claims for breach of a promissory note against Veritec. Indeed, Veritec does not allege that Acesse, et al. is liable for all or part of the Badhwas' claims against

Vertitec as required for it to be a proper third party complaint. Therefore, Veritec's claims against Acesse, et al. are separate and independent of the original complaint and are subject to removal under 17 U.S.C. §§ 1441 and 1446. *See Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.,* 139 F. Supp. 2d 1117 (D. Minn. 2001) (acknowledging that separate and independent third-party claims can be removed under 28 U.S.C. §§ 1441 and 1446).

26.   Counterclaim Defendants David A. Badhwa and Denise A. Badhwa and Third Party Defendant JAB Companies consent to removal to federal court. **Exhibit B**. Veritec's consent is not needed because the third party claims are separate and distinct from the Badhwas' original complaint for breach of a promissory note. *See Valspar Corp. v. Sherman*, 211 F. Supp. 3d 1209, 1214, n.4 (D. Minn. 2016) (acknowledging that one of the recognized exceptions to the unanimity rule is "when the removed claim is separate and distinct under 28 U.S.C. § 1441(c)"); *Rogotzke v. Western Health, Inc.*, 2009 WL 1565738, at *4 (D.S.D. 2009) (finding the unanimity rule inapplicable because the removed claims were separate and independent of the original claims).

WHEREFORE, Acesse, et al. requests that this action be removed to this Court, and that this Court accept and assume subject matter jurisdiction.

|  |  |
|---|---|
|  | **GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.** |
| Dated: August 1, 2018 | By: <u>s/ Marnie E. Fearon</u><br>   Marnie E. Fearon (#305078)<br>   Email: marnie.fearon@gpmlaw.com<br>   Molly R. Littman (#398449)<br>   Email: molly.littman@gpmlaw.com<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Phone: (612) 632-3281<br><br>**ATTORNEYS FOR THIRD PARTY DEFENDANTS ACESSE CORPORATION, ADXNET, INC., ADX LABS LLC, A2Z HOLDINGS, INC., MOBILESOFT TECHNOLOGY, INC., MOBILE.NET LLC, STEVEN RENNER, AND JOSEPH MORRIS** |

GP:4827-5250-7502 v2